**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD FRENCH, individually and on behalf of others similarly situated,<br>Plaintiff, | )<br>)<br>) | Case No. 1:22-cv-07158 |
| | ) | |
| v. | )<br>) | |
| TRIBUNE PUBLISHING COMPANY,<br>Defendant. | )<br>) | **Jury Trial Demanded** |

**<u>CLASS ACTION COMPLAINT</u>**

1.      Defendant Tribune Publishing Company ("Tribune") has repeatedly called Plaintiff's residential phone line for the purpose of encouraging the purchase of its newspapers.

2.      Tribune continued making these telemarketing calls to Plaintiff's number after Plaintiff told it to stop calling, that his mother whom it was trying to reach had passed away, and that consequently there would be no renewal of her Tribune subscription.

3.      Tribune's calls to Plaintiff violated the Telephone Consumer Protection Act's robocall, Internal Do Not Call, and Do Not Call Registry provisions.

4.      Plaintiff seeks money damages and injunctive relief for himself and classes of other similarly situated persons, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**INTRODUCTION**

5.      Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective.  However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. "Unrestricted telemarketing," Congress determined, "can be an intrusive invasion of

privacy." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (quoting TCPA, § 2, ¶ 5, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)). As a result, the government enacted the Telephone Consumer Protection Act to combat these widespread telecommunications abuses. *Id.*

6.      As is relevant here, the TCPA's regulations provide that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residntial telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

7.      The TCPA further prohibits "initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(d).

8.      The FCC—which develops the rules and regulations implementing the TCPA— has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, at ¶ 13 (1995).

9.      The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (2013) ("*FCC 2013 Ruling*")). In addition to formal agency, principles of apparent authority and ratification may also provide a basis for vicarious seller liability for TCPA violations. *FCC 2013 Ruling*, 28 FCC Rcd. at 6584 ¶ 28.

Case: 1:22-cv-07158 Document #: 1 Filed: 12/20/22 Page 3 of 12 PageID #:3

10. The TCPA provides for injunctive relief and the greater of actual damages or up to $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(c)(5).

11. Tribune made multiple telemarketing calls to the phones of Plaintiff and others without their prior express invitation or permission or consent, despite such person's prior request to not be called and/or registration with the National Do Not Call Registry. Plaintiff files this class action complaint on behalf of himself and others similarly situated, seeking relief from Tribune's illegal calling practices.

## PARTIES

12. Plaintiff Ronald French is a natural person and citizen of Illinois, who resides in this District. He was in this District when he received the calls alleged herein.

13. Defendant Tribune Publishing Company is a media company that publishes numerous newspapers, including the Chicago Tribune. It is headquartered in Chicago, Illinois, and is a citizen of Illinois. Tribune is incorporated in Delaware.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

15. The Court also has Class Action Fairness Act jurisdiction, because there are thousands of members of each nationwide class, at least one class member is a citizen of a different state from where any defendant is a citizen, and because the aggregate damages exceed $5,000,000, exclusive of fees, costs and interest.

16. The Court has personal jurisdiction over Tribune and venue is appropriate in this

District under 28 U.S.C. § 1391(a) because Tribune does business in this District, Tribune made or caused to be made the calls that are the subject of this lawsuit to Plaintiff and others in this District, knowingly solicited newspaper home delivery subscriptions and other products and services to Plaintiff and other Illinois consumers during the calls at issue, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## FACTS

17.    Plaintiff is the subscriber to a residential telephone line, which has been registered with the National Do Not Call Registry since at least approximately February 28, 2017.

18.    Plaintiff's mother was a prior customer of Tribune who lived with him for a period of time before she passed away in July 2021.

19.    After receiving unwanted calling from Tribune to his residential telephone line in an attempt to get his mother to renew her terminated subscription to its newspapers, Plaintiff informed Tribune in summer 2021 that his mother had passed away and to not call his phone.

20.    In response, Tribune's representative indicated that Tribune would place Plaintiff's phone number on its internal do-not-call list.

21.    On information and belief, Tribune's representative's statement to Plaintiff was true; it placed Plaintiff's phone number on its internal do-not-call list in summer 2021.

22.    Nonetheless, Tribune continued to call Plaintiff until approximately the fall 2021, after Plaintiff repeatedly asked it to stop and even warned it that he would sue if it did not.

23.    While these prior do-not-call requests appeared to be initially successful at getting the calls to stop, Tribune has started to make additional calls to Plaintiff's residential line for purposes of encouraging the purchase of its newspapers again in 2022—including from caller ID (312) 598-9857 on September 19, 2022, September 20, 2022, September 21, 2022 (twice),

September 22, 2022, and September 23, 2022, and from caller ID (312) 530-9745 on August 17, 2022, August 18, 2022, October 25, 2022 (twice), and October 26, 2022, among other occasions.

24.     For example, Plaintiff received a call from Tribune at caller ID (312) 530-9745 on October 26, 2022, at approximately 5:24 p.m. When Plaintiff answered, he was thereafter connected to a representative who identified herself as "Christie." After indicating that she was on a recorded line, Christie went into a sales pitch for Tribune newspapers, and asked if Plaintiff's mother would like to re-subscribe. Plaintiff advised Christie that he had told Tribune several times in the past that his mother had passed away and to stop calling, that he did not appreciate the solicitation call, and that he was upset that Tribune continued to call his phone number after being told not to do so. Christie refused to provide her address or last name when asked.

25.     Upon information and belief, Tribune keeps track of its contacts with consumers, knew when it made these calls that Plaintiff's number was on the National Do Not Call Registry, and knew that Plaintiff was not a customer of Tribune when it made these calls to him and had not made an inquiry regarding Tribune goods or services for more than three months. *See* 47 C.F.R. § 64.1200(f)(5).

26.     Plaintiff did not consent to or ask for Tribune's calls. To the contrary, he asked not to receive calls.

27.     Tribune knows that the public hates telemarketing calls like the ones at issue here, and it knows that they are illegal. It has even published articles criticizing others for using some of the same techniques it employed in these calls.

28.     Tribune is also well aware that its practices have resulted in violations. Indeed, it previously paid $1.7 million to settle an earlier TCPA class lawsuit with similar do-not-call

allegations, *Moore v. Tribune Publ'g Co.*, No. 1:20-cv-07666 (N.D. Ill. filed Dec. 22, 2020).

29.     Plaintiff and the classes were damaged by Tribune's violations of the TCPA. They were harassed, their privacy was invaded, the calls temporarily seized control of their phone lines thus preventing legitimate use of the equipment, their time was wasted, and the calls were annoying.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of the following classes:

> **National DNC Class:** All persons within the United States whose residential cellular or landline numbers Tribune or someone on its behalf called more than once for the purpose of encouraging the purchase of goods or services within any 12-month period, despite the phone number having been registered on the National Do Not Call Registry for more than 31 days, where Tribune did not have a signed, written agreement with the consumer stating that he or she agrees to be contacted by them at the phone number, and the person had been a customer of Tribune in the past 18 months or inquired as to goods or services in the past three months or, if so, had not revoked consent.

> **Internal DNC Class:** All persons within the United States to whom Tribune or someone on its behalf initiated more than one call within any 12-month period for the purpose of encouraging the purchase of goods or services, after a request to stop calling.

31.     Upon information and belief, there are thousands of persons in each class as alleged above.

32.     Common questions of law or fact exist as to all members of the classes, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

a.   Whether Tribune had proper prior express invitation or permission to call Plaintiff and the National DNC Class;

b.   Whether Tribune had properly implemented do-not-call procedures meeting

the minimum standards required under 47 C.F.R. § 64.1200(d);

c. Whether Tribune had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's applicable do-not-call regulations; and

d. Damages, including whether any violations were willful or knowing, such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(c)(5). *Krakauer v. Dish Network*, LLC, 925 F.3d 643, 663 (4th Cir.), *cert. denied*, 140 S. Ct. 676, 205 L. Ed. 2d 440 (2019) (affirming award of treble damages in TCPA Do Not Call Registry class action).

33.     Plaintiff's claims are typical of the claims of the other members of each of the classes.  The factual and legal bases of Tribune's liability to Plaintiff and the other members of the class are the same: They violated the TCPA by causing multiple unsolicited telephone solicitations to be made to the telephone number of each member of each class above.

34.     Plaintiff will fairly and adequately protect the interests of the classes.  Plaintiff has no interests that might conflict with the interests of the classes.  Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

35.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail.  There are, on information and belief, thousands of members of each class, such

that joinder of all members is impracticable.

36.    No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

37.    Tribune has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the classes, thereby making relief appropriate with respect to each class as a whole.  Prosecution of separate actions by individual members of the classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the classes that would establish incompatible standards of conduct.

38.    The identity of the classes is, on information and belief, readily identifiable from Tribune's or its vendors' records.

**COUNT I**
**Violations of the <u>National Do Not Call Registry</u>**
**Provisions of the TCPA, 47 U.S.C. § 227, 47 C.F.R. § 64.1200(c)(2)**
**(On Behalf of Plaintiff and the National DNC Class)**

39.    Plaintiff re-alleges and incorporates all prior paragraphs.  This Count I is brought by Plaintiff on behalf of himself and the National DNC Class.

40.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her residential landline or cellular telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

41.    Defendant violated the TCPA by initiating or causing to be initiated multiple telephone solicitations to Plaintiff and the other members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

42.     Upon information and belief, Tribune did not bother to scrub Plaintiff or the class members' phone numbers against the Do Not Call Registry, as the TCPA required it to do.

43.     These violations were willful or knowing.

44.     As a result of Tribune's violations of the TCPA's National Do Not Call Registry rule, Plaintiff and the other members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

45.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

46.     To the extent a Tribune did not physically "initiate" the calling at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

WHEREFORE, Plaintiff Ronald French, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Tribune for:

A.      Certification of the National DNC Class as alleged herein;

B.      Damages, pursuant to 47 U.S.C. § 227(c)(5);

C.      Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Tribune from violating the TCPA in the future;

D.      Attorneys' fees and costs, as permitted by law; and

E.      Such other or further relief as the Court deems just and proper.

### COUNT II
**Violations of the Internal Do-Not-Call**
**Provisions of the TCPA, 47 U.S.C. § 227; 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal DNC Class)**

47.     Plaintiff re-alleges and incorporates all prior paragraphs. This Count II is brought by Plaintiff on behalf of himself and the Internal DNC Class.

48.     It is a violation of the TCPA to "initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d).

49.     Tribune's internal do-not-call policy was insufficient and/or it failed to adhere to whatever policy it had. Its calls to Plaintiff and the Internal DNC Class after they had requested no more calls therefore violated the TCPA.

50.     These violations were willful or knowing.

51.     As a result of Tribune's violations of the TCPA's internal do-not-call rule, Plaintiff and the other members of the Internal DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

52.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

53.     To the extent a Tribune did not physically "initiate" the calling at issue itself, it is nonetheless vicariously liable based on theories of actual authority, apparent authority, and ratification, for these calls were made on its behalf.

WHEREFORE, Plaintiff Ronald French, individually and on behalf of the Internal DNC Class, respectfully requests that the Court enter judgment against Tribune for:

A.     Certification of the Internal DNC Class as alleged herein;

B.     Damages, pursuant to 47 U.S.C. § 227(c)(5);

C.     Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at preventing Tribune from violating the TCPA in the future;

D.     Attorneys' fees and costs, as permitted by law; and

E.      Such other or further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: December 20, 2022

RONALD FRENCH, individually and on behalf of others similarly situated

By:  */s/ Alexander H. Burke*

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Larry P. Smith
David M. Marco
SMITHMARCO, P.C.
55 W Monroe St., Suite 1200
Chicago, IL 60603
Telephone: (888) 822-1777
lsmith@smithmarco.com
dmarco@smithmarco.com

*Counsel for Plaintiff*

## **Document Preservation Demand**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent and other defense evidence, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

*/s/ Alexander H. Burke*